UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| URIKA BERRY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 5: 21-00032-GFVT |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID DUNN, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| Defendants. | ) | **ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Urika Berry is a resident of Lexington, Kentucky. Proceeding without counsel, she has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 [R. 3] and the Court has granted her motion to proceed *in forma pauperis* by separate Order. This matter is before the Court to conduct the initial screening required by 28 U.S.C. § 1915(e). This statute directs a district court to dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010).

In her complaint Berry alleges that on January 30, 2020, she was involved in a minor vehicular collision. Berry alleges that the driver of the other vehicle, David Dunn, became enraged and unleashed a series of invectives at Berry, kicked her car repeatedly, and then opened her passenger side door and continued yelling at her. Berry called 911, and Lexington police officers Asberry and Persley arrived at the Thornton's gas station where the collision occurred. Berry states that although she was the one who had called police to report Dunn's conduct, the officers talked to Dunn first and appeared to afford him preferential treatment. Berry notes that she is Black and Dunn is a Caucasian. One officer went into the gas station and reviewed surveillance video. He then cited Dunn for Criminal Mischief 3rd Degree, a misdemeanor which

Berry contends grossly understates the severity of his crimes.  Berry further indicates that conversations between the officers and Dunn indicated their belief that she, rather than Dunn, was the culpable party, and that they offered him guidance to minimize the consequences for his conduct.  [R. 3 at 1-7]

Berry asserts that the police report failed to adequately describe the damage to her vehicle, so she called the Lexington Police Department to have it corrected.  Berry spoke with Sergeant Culver, whom she indicates was the supervisor of officers Asberry and Persley.  Berry alleges that Culver was "angry, argumentative, dismissive, and condescending" in response to her complaint that Dunn did not face more serious criminal charges and her request to change the police report.  *Id*. at 8-9.

Berry's legal claims against Dunn include Kentucky common law claims for assault and battery (Count I), trespass to chattels (Count II), false imprisonment (Count III), gross negligence (Count IV), and intentional infliction of emotional distress (Count IX).  [R. 3 at 9-12]  Berry appears to have been inadvertently omitted Counts V, VI, VII, and VIII.  Count X, which Berry labels "Violation of 42 U.S. C. 1983 (*Monell Liability*)," is asserted against Sgt. Culver, Lexington Chief of Police Lawrence Weathers, Lexington Mayor Linda Gorton, the Lexington Police Department, the City of Lexington, Kentucky, and the Commonwealth of Kentucky.  In this claim, Berry alleges that these defendants perpetuated a policy or custom affording preferential treatment to Caucasians and against Black citizens with respect to the investigation and charging of criminal conduct.  Berry also asserts that this conduct violated 42 U.S.C. §§ 1985, 1986.  [R. 3 at 12-15]  Count XI asserts a claim pursuant to 42 U.S.C. § 1983 against officers Asberry, Persley, and Culver, contending that she has an constitutional right to have the

police conduct an adequate investigation into Dunn's actions and to have criminal charges filed against him commensurate with his wrongdoing. [R. 3 at 15-16]

Berry asserts no federal claim against Dunn in her complaint, and she avers that both she and Dunn are residents of Kentucky. The Court therefore lacks subject matter jurisdiction to entertain those claims under either its federal question jurisdiction pursuant to 28 U.S.C. § 1331 or its diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332. However, the Court's supplemental jurisdiction under 28 U.S.C. § 1367(a) permits the Court to exercise jurisdiction over claims against "pendent parties" like Dunn where, as here, the claims against him arise from the same set of operative facts as the claims over which the Court does possess subject matter jurisdiction. *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F. 3d 296, 308 (2d Cir. 2004).

With respect to the federal claims against the other defendants, some may proceed but others may not. First, claims against the Commonwealth of Kentucky must be dismissed. The Eleventh Amendment to the United States Constitution specifically prohibits federal courts from exercising subject matter jurisdiction over a suit for money damages brought directly against the state. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 687-88 (1993). In any event, a state is not considered a "person" subject to suit within the meaning of 42 U.S.C. § 1983. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 63-67, 71 (1989).

Berry identifies as defendants "John Doe 1-5, Jane Doe 1-5, Doe Corporation 1-5." [R. 3 at 1] The purpose of naming "John Doe" defendants in a pleading is to refer to a person whom the plaintiff alleges has committed an actionable wrong against her where the identity of the person is not known to the plaintiff. Here, Berry makes no allegation that any person unknown to her committed such a wrong. Instead, the inclusion of "John Doe" defendants in the complaint appears intended to serve as a placeholder should Berry decide to name additional

3

defendants at a later time. Such is not a proper purpose for anonymous pleading. *Brown v. Cuyahoga County*, 517 F. App'x 431, 435 (6th Cir. 2013); *Smith v. City of Akron*, 476 F. App'x 67, 69 (6th Cir. 2012). The Doe defendants will be dismissed from the action.

Berry's complaint gives conflicting indications whether she intends to name the Lexington Police Department as an independent defendant. *See* [R. 3 at 1, 2, 12] In Kentucky a police department is not an independent legal entity; instead, it is merely an administrative department of the city or county that operates it. Cf. *Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("Since the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of Matthews's complaint."); *Hornback v. Lexington-Fayette Urban Co. Gov't*, 905 F. Supp. 2d 747, 749 (E.D. Ky. 2012). As Berry has separately named the City of Lexington as a defendant, the "Lexington Police Department" will be dismissed as a defendant.

Similarly, the "professional" capacity claims against officer Persley and Sgt. Culver (construed as official capacity claims) and the official capacity claims against Lexington Mayor Gorton and Chief of Police Weathers will be dismissed. "Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of law. Official-capacity suits, in contrast, 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'"). *Baar v. Jefferson Co. Bd. of Educ.*, 476 F. App'x 621, 634 (6th Cir. 2012) (quoting *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 n.55 (1978)). *See also Hopper v. Phil Plummer*, 887 F. 3d 744, 760 n.4 (6th Cir. 2018). Berry having already named their employer (the City of Lexington) as a defendant, these claims are redundant and will be dismissed.

With respect to Berry's claim for municipal liability under *Monell v. N.Y. City, Dep't of Soc. Servs.*, 436 U.S. 658 (1978) in Count X, that claim may only be pursued against the City of Lexington, and not against any of the individuals named in that count. *Cf. Phillips v. City of Cincinnati*, No. 1:18-CV-541, 2019 WL 2289277, at *6 (S.D. Ohio May 29, 2019) ("The Court agrees with the City that Mayor Cranley and City Solicitor Muething are not proper defendants for this claim because the *raison d'etre* of *Monell* is to impose liability on a municipality under certain circumstances - not individuals. Even if Mayor Cranley or City Solicitor Muething were found to have instituted an unconstitutional policy, liability under *Monell* would fall to the City."). This claim may proceed, but only against the City of Lexington.

In Count X, Berry also makes passing references to liability under 42 U.S.C. § 1985 and 42 U.S.C. § 1986. She does not indicate to which subsection of § 1985 refers, and that omission matters because the source of liability under each is distinct. Section 1985(1), which relates to preventing an officer from performing his or her duties, plainly does not apply. The first part of "42 U.S.C. § 1985(2) creates a cause of action for a conspiracy to, among other actions, obstruct justice or to intimidate a party, witness, or juror." *Jackson v. City of Cleveland*, 925 F.3d 793, 817 (6th Cir. 2019). Berry's allegations do not state a claim under that subsection. *Allen v. Allied Plaint Maintenance Co. of Tenn.*, 636 F. Supp. 1090, 1093 (M.D. Tenn. 1986) ("In order to state a cause of action under the first part of section 1985(2), a plaintiff must allege a nexus between an alleged conspiracy and a federal court proceeding.").

The second part of § 1985(2) and § 1985(3) are concerned with class-based conspiracies to obstruct justice or deprive a person from the equal protection of the law. Both of these provisions require the conspirators' actions to be motivated by race or another class-based animus. *Moniz v. Cox*, 512 F. App'x 495, 499 (6th Cir. 2013). Berry's allegations do fall within

5

the general ambit of such claims. However, her allegations are insufficient to adequately state a conspiracy claim under them. To state a conspiracy claim under these provisions "the Supreme Court requires that § 1985 claims contain allegations of 'class-based invidiously discriminatory animus." *Webb v. United States*, 789 F.3d 647, 672 (6th Cir. 2015) (*citing Griffin v. Breckenridge*, 402 U.S. 88, 102 (1971)). While Berry's allegations against Dunn indicate race-based animus, her allegations against the police officers do not. And Berry's allegations do not adequately allege the existence of a civil conspiracy, which requires a plaintiff to allege "[1] that there was a single plan, [2] that the alleged coconspirator shared in the general conspiratorial objective, and [3] that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant." *Harcz v. Boucher*, 763 F. App'x 536, 540 (6th Cir. 2019) (citations omitted). The pleading requirements for civil conspiracies are "relatively strict" and require more than conclusory allegations. *Id*. at 540-541 (*citing Fieger v. Cox*, 524 F. 3d 770, 776 (6th Cir. 2008); *Heyne v. Metro. Nashville Pub. Sch.*, 655 F. 3d 556, 563-64 (6th Cir. 2011); *Moldowan v. City of Warren*, 578 F. 3d 351, 395 (6th Cir. 2009). Berry's conclusory claim of a conspiracy to deny her equal protection of the laws unsupported by specific allegations regarding each of the required elements fails to adequately state a § 1985 claim. *Cf. Coker v. Summit Cty. Sheriff's Dep't*, 90 F. App'x 782, 789 (6th Cir. 2003). And where the plaintiff "… has stated no cause of action under § 1985, no cause of action exists under § 1986." *Braley v. City of Pontiac*, 906 F.2d 220, 227 (6th Cir. 1990). These claims will therefore be dismissed.

Count XI asserts claims under 42 U.S.C. § 1983 against officers Asberry, Persley, and Culver. While the allegations are broad, the Court will order that these defendants also be served with process to respond to this claim.

Because the Court has granted Berry *pauper* status, she is entitled to have federal marshals serve the defendants on her behalf. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). However, before they can do so Berry must provide the Court with addresses where each of the remaining defendants can be served. *Fitts v. Siker*, 232 F. App'x 436, 443-44 (6th Cir. 2007); *Byrd v. Stone*, 94 F.3d 217 (6th Cir. 1996). The Court will therefore direct Berry to provide the required information within thirty days.

Accordingly, it is **ORDERED** as follows:

1. The following are **DISMISSED** as Defendants in this action: the Commonwealth of Kentucky; John Doe 1-5; Jane Doe 1-5; Doe Corporation 1-5; Lexington Police Department; Officer William Persley in his "Professional" Capacity; Sergeant Allen Culver in his "Professional" Capacity; Lexington Mayor Linda Gorton in her individual and official capacities; and Lexington Chief of Police Lawrence Weathers in his individual and official capacities.

2. Within thirty days, Plaintiff shall **FILE** with the Court information containing an address where Defendants David Dunn, officer Jeremiah Asberry, officer William Persley, and Sergeant Allen Culver may be served with process.

This 5th day of February, 2021.

Gregory F. Van Tatenhove
United States District Judge

8