UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| URIKA BERRY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 5: 21-00032-GFVT |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID DUNN, et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

*** *** *** ***

Plaintiff Urika Berry has filed a motion requesting to proceed under a pseudonym. [R. 2] Berry's complaint alleges that Lexington police officers discriminated against her because she is disabled and Black. [R. 4] Berry states that she is related to former Lexington police chief Ulysses Berry, and contends that proceeding under her own name would cause unwanted publicity, reveal personal medical information, and place her at risk of harm. [R. 2 at 1]

Parties must generally proceed under their own names, Fed. R. Civ. P. 10(a), but the Court may permit a party to proceed under a pseudonym by granting a protective order. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). To determine whether such an order is warranted, the Court considers:

> (1)  whether the plaintiff is suing to challenge governmental activity;
>
> (2)  whether prosecution of the suit will compel the plaintiff to disclose information "of the utmost intimacy";
>
> (3)  whether the litigation compels plaintiff to disclose an intention to violate the law, thereby risking criminal prosecution; and
>
> (4)  whether the plaintiff is a child.

*D.E. v. John Doe*, 834 F.3d 723, 728 (6th Cir. 2016). Here, the first factor favors granting the relief requested, although only marginally so: the conduct in question occurred in the past and

does not relate to ongoing conduct. *Cf. G.E.G. v. Shinseki*, No. 1:10-CV-1124, 2012 WL 381589, at *2 (W.D. Mich. Feb. 6, 2012) (noting that governmental activity factor "usually applies to cases in which the plaintiff challenges governmental activity such as a policy or statute."). Berry is not a child, she does not suggest she intends to violate the law, and no "intimate" conduct is involved in her complaint. Here, plaintiff's complaint involves allegations of police misconduct, matters that are litigated in the public eye with some frequency in this and other courts. The circumstances set forth by the plaintiff do not warrant the relief requested. *See Doe v. Carson*, 2020 WL 2611189, at *2-3 (6th Cir. May 6, 2020) (possible stigma from plaintiff's disability and mental illness and concerns about future employability were insufficient to warrant protect order to proceed under pseudonym); *Doe v. The Univ. of Akron*, No. 5:15-CV-2309, 2016 WL 4520512, at *4 (N.D. Ohio Feb. 3, 2016) (reputational concerns do not warrant an order permitting plaintiff to proceed pseudonymously).

Accordingly, it is **ORDERED** as follows:

1. Berry's motion for leave to proceed under a pseudonym [R. 2] is **DENIED**.

This 1st day of March, 2021.

Gregory F. Van Tatenhove
United States District Judge